Good morning, Your Honor. Good morning. If it pleases the court, Karen S. Spicker appearing on behalf of the appellant, Mrs. Albina Lumetta. As honored as I am to be here today in front of you, I wouldn't be here if Arbor Lakes had done the right thing. In February of 2015, they received notice of the discharge. There was no issue of in rem foreclosure of collateral. They were purely seeking personal liability against Mrs. Lumetta. There was no claim of... And Mr. Lumetta. Correct. And there was no reason for them to pursue Mrs. Lumetta at that point. There was no reason to let and snare her into the state court litigation. But let's assume that they violated the stay or violated the discharge order, I suppose is a better way to put it. The bankruptcy judge says, recognizing that, I just don't want to hold them in contempt. How do we review that order? Well, first of all, Your Honor... Under what standard of review? The standard of review is whether or not the bankruptcy court applied or correctly applied the right standard. The standard of review is whether the bankruptcy court abused its discretion, is it not? Right. So how did the judge abuse his discretion? The bankruptcy court got it right when it found a discharge violation and the court found that it was a willful violation under Section 2, excuse me, under 524. However, the court abused its discretion when it excused the conduct of Arbor Lakes... So you're saying, as a matter of law, the district court abused its discretion because it made an error of law? Correct, Your Honor. What was the error of law? The error of law was excusing... Isn't that a factual error? No, because if you look at the Ninth Circuit precedent, the court held that they weren't able to comply. Let me step back. The bankruptcy court held they were unable to comply. The Ninth Circuit in Reno Air Racing held that when we're looking at whether someone has the ability to comply, they must take all reasonable steps. But let's, but let's... Here's my problem, and I'm just... Let's assume they did everything wrong for purposes of discussion. Are you saying that under those circumstances a bankruptcy judge must hold someone in contempt? Or does the bankruptcy judge then... Can the bankruptcy judge just say, in the exercise of my wisdom and mercy, a strong tongue lashing is enough, I'm not holding you in contempt? There's no Ninth Circuit Court of Appeals decision... I know, there's no... giving him the ability to do that. Well, there's no Ninth Circuit Court of Appeals decision that I can find that says a district judge must hold, a bankruptcy judge, sorry, must hold someone in contempt if they violate the discharge order. Okay, do you have one? Well, the plain and unambiguous language of Section 524... So the answer is no? As if you had a Ninth Circuit case on point. Well, the Ninth Circuit case is the one I cited in the brief, that there is no Ninth Circuit case that gives the bankruptcy court the ability to simply excuse Arbor Lane. I'm asking a different question, maybe we're missing each other. Is there a Ninth Circuit case that says, under a certain set of circumstances, a bankruptcy judge has no discretion except to hold someone in contempt? Well, I would point the court to NRA Zilog, and in that case the court articulated a two-pronged standard, which we fully briefed in our brief, and there nowhere under Zilog, the Ninth Circuit held that there was this exception to holding someone in contempt. And nowhere did the Zilog court grant any district court or bankruptcy court the discretion to excuse someone. Counsel, this was actually the order to show cause, it wasn't actually the contempt, right? We didn't even get to that point. The bankruptcy court decided not to even issue the order to show cause, is that correct? Exactly. So we were not at the point where the bankruptcy court has to not contempt, it's whether or not the bankruptcy court is going to issue the order to show cause as to why a contempt finding shouldn't be made. So we never got to the point of contempt. Exactly, Your Honor, and this is the point that we raise. Under NRA Barrientos, all the court had to do if it found a pre-mufascia case of a violation was to issue the OSC, set the matter for an evidentiary hearing, set a briefing schedule, and discovery. My client was deprived of any discovery in this case, and there was the limited testimony of attorney Call, but we had no other opportunity to probe as to what steps were taken, because our position is they had a ledger, and Mrs. Call testified about that ledger. And in the ledger, she could have determined first and foremost that the property in question had been foreclosed prior to her ever filing for bankruptcy. So there could not be any post-petition HOA fees. That the only thing remaining, because there was no insurance claim either, the only thing remaining was personal liability against Mrs. Lumetta, clearly in violation of the plain and unambiguous language of Section 524. Let's step back a second. What is the violation here? Is it the failure to dismiss her sua sponte, so to speak, or is it the sending her the notice after the status conference that said if you don't appear at the next status conference, there's going to in essence be a default? Thank you, Your Honor. We cite to Eskinos and Adler v. Latine, and albeit that case is decided under Section 362, the automatic stay, the principles and policies underlying that decision apply in this case. And in that case, the court held... So you're saying the creditor has an absolute duty to dismiss? And in fact, the Eskinos... Please answer Judge Are you saying that a creditor has to dismiss the case within some period of time, and we got to figure out then how much, after the discharge is entered? And that assumes they know the discharge has entered, that assumes that there's some time limit, is it 30 days, 60 days, 90 days? What is it you're asking for? Yes, our our position is twofold, that there is an unqualified affirmative duty to dismiss. And not only is that a violation, but the maintenance of the action is also a violation. That's what I was going to ask. More fundamentally, there was a resurrection of the action vis-a-vis Ms. Lumetta after the discharge. And they went into state court and told the state court that proceedings could be resumed against her. So it wasn't just a failure to dismiss, it was resumption of the claim against her. And that's exactly the holding in the Eskinos-Adler case, where the court held not only is the failure to dismiss a violation, the failure, I mean the continued maintenance of this action, and it's... And that's why I keep getting back to my first question, let's assume all that. There's some mitigating facts here, they're not great, but there's some. They actually did show the discharge to the state court judge, the problem got fixed relatively quickly. Under those circumstances, even assuming all the things you say happened, does the judge have to hold them in contempt? Or can the judge just say, don't do that again? Absolutely. It's the court's duty and role to give full force and effect to Section 524 and hold them in contempt. There's no... Or at least have an order to show cause issued so that the court can sort out what happened. Because the court never sorted out what actually happened in this case, or gave Ms. Lumetta an opportunity to establish what happened, what was known by the parties and how they proceeded in the state court. I don't even know if we have to get to the contempt issue to resolve this case, because the court never even entered the order to show cause. Correct, Your Honor. Let me ask a practical question. What relief do you hope to obtain in the end? Do you want to recover the attorney's fees that your client suffered because of their actions? What is it that you hope to have in the end, other than them being held in contempt? Twofold. One is to compensate Ms. Lumetta for having, over a six-month period, getting peppered with notices from the state court and having to assume no... Maybe it's just a mix-up between the bankruptcy and the state court. And then finally, when she realized she was getting ordered by the state court to appear, even though that debt had been discharged, she was actually ordered to appear at a case management conference and... Those are facts. I just want to know what you... You want damages for that? Do you want attorney's fees? What do you want? Both. Yes, Your Honor. Okay. All right. Thank you, counsel. You've exceeded your time. We'll give you a minute for rebuttal. Thank you, Your Honor. Good morning, Your Honors. May it please the Court, Alan Vanderhoef, appearing on behalf of Arbor Lake Homeowners Association. First, most of the issues that Ms. Lumetta has raised on appeal were waived at the district court level. In her reply, she says that Arbor Lake contends that they're waived. They didn't take that ruling to this court with any of the issues... We have discretion to consider any issue that was discussed by the district court, correct? Yes. Yes. Okay. So what is the issue that's waived that you think we should not discuss? The district court ruled that all the issues were waived except for the issue of whether there was an affirmative duty to dismiss the state court case after the discharge order was entered. That was the one... Do you agree that the order to show cause was... No order to show cause was ever entered? That's correct, Your Honor. And that was specifically discussed by the judge that before issuing an order to show cause, he wanted to see what the evidence was. So in essence... And how could he see what the evidence was if there was no opportunity to gather the evidence? It was entirely based, their claim was entirely based on what was filed in the superior court and the one appearance in the superior court. So all the documents from the superior court were in evidence. Well, wouldn't it be useful in this thing to know what your side, when they were doing it, what they knew and didn't know and what they thought and didn't think? Wouldn't it be useful to take the deposition of the person who was doing it and see whether or not he was doing it in order to harass someone or whether he was just doing it because he didn't know about it? Well, the attorney involved was called as a witness. There was an evidentiary... There was an evidentiary hearing. There was an evidentiary hearing. So that's what's strange to me about this case. The judge denied the order to show cause, but he held a hearing. Right, because he felt that even issuing an order to show cause for contempt can reflect poorly on an attorney's reputation. Perhaps it should reflect poorly if the attorney has violated a discharge order. But if the attorney had not violated... But that was the point. ...necessarily... That's the point, to determine whether or not there had been a willful violation. And I think the court did find that there had been a willful violation of the discharge order. Which reflects badly on the attorney. Well, what he found was that, number one, he ruled early in the case that there was no affirmative duty to make a willful violation, which was the notice of the continued status conference, which said that if the parties failed to appear, their answer would be stricken. But... What about maintaining the action after the discharge? Would that be a violation? No, Your Honor, because... Why not? Why not? If you look in the record, you'll see that all the way along, it was made very clear to the Superior Court judge that the bankruptcy had been filed. When the discharge was entered, they actually filed a notice that showed the discharge. And this is a judge who's very familiar with bankruptcy. He's married to the chief judge of the bankruptcy court. But that didn't stop the violation from occurring. The fact that he was familiar with a bankruptcy didn't stop the violation from having taken place. So... But see, the only violation that Judge Latham found was serving the notice of the continued hearing. But he also found that she had been ordered by the judge to do that. And she... You could have just dismissed her at that point. Hm? They could have just dismissed her at that point. Instead of serving the notice, they could have said to the state court judge, we're dismissing her. There's a discharge injunction. She's been discharged. We're... We'll dismiss her. But the testimony in this call was that she had raised the bankruptcy issue every time in the past. And she had written a long letter saying, well, you didn't do anything wrong. You didn't have any obligation to dismiss her. Why not just dismiss her at that point? They did dismiss her. Not at that point. Not at that point. Why not? But when they were requested... Why not? When they were requested to dismiss... No. Why didn't... Why didn't you dismiss her at the point when the judge included her, apparently inadvertently? Why didn't you just dismiss her and say, there's a discharge. She's no longer a party to this? Well, the Superior Court had... Had scheduled a status conference. And neither party on the Lumetta side, the husband who was not in bankruptcy or the wife... Right. ...appeared. This is a standard status conference. I know, but you... Look. Your... Your side, I don't know who it was, Ms. Call, I guess, goes to the Superior Court and the Superior Court has a status conference. And both of you need to show up or we're going to... Bad things will happen to you. No one says, Judge, let me just dismiss this one defendant against whom we no longer have a claim. And then we have six months of procedural nonsense going on. Maybe they're not heard very badly about it. Maybe somebody did it in good faith. But the question is, don't you have a... I know the judge said you didn't have a duty to prosecute. Under these circumstances? It's absolutely not wrong, Your Honor. Why? There's only a duty not to affirmatively prosecute the claim. Well, but you were. You went out and you gave... You served a notice on them that said, if you don't show up, you'll be in trouble. Only... That's affirmatively prosecuting, isn't it? Right. Only... No, absolutely not. That was communicating the ruling of the judge. The judge ordered her to send that notice. Yeah, but let's go back. Let's go back a month. Ms. Kall served a notice on the court and on... Presumably on the defendants saying, the stay's now been lifted as to all defendants, we can proceed. And she clicked... And she checked the box all defendants. Why didn't she check the box as to one defendant and we're not going to proceed as to the discharged defendant? That's an important... That's an important part... Point. Now, part of it is correct that she served a notice that said, the stay has terminated. As to all... She did not say... She did not say we could proceed against the defendants. But she checked the box as to all defendants. And there was a box specifically that had to be checked. Right. And that's a misunderstanding of the law by Ms. Lumetta that, in fact, when a discharge is entered, the automatic stay is terminated. That's clearly... It's terminated because you no longer have a claim against that person. It's replaced by... The discharge. It's replaced by the discharge. But at every step of this proceeding, the Homeowners Association made it clear that they were not pursuing Ms. Lumetta. They were only pursuing... No, they didn't because when the judge entered the order against both defendants, the Homeowners Association didn't say, Your Honor, we'd like to clarify that we are not proceeding against Ms. Lumetta, only against Mr... Well, she had already said that several times. It gets back to the issue. If that's their position, why didn't they just dismiss her instead of sending her notices? You send her a notice that we're going to proceed. We're going to... The stay is no longer in effect. We're going to proceed against you. And then you send a notice that if she doesn't show up at the next conference, there'll be a default. And you sent a letter saying you hadn't done anything wrong. Well... And that we're not going to dismiss. Let me clarify some things, some things factually. As far as a letter from me, that letter was sent two weeks after the case was dismissed. They say in the reply that no, they filed the order to show cause because we refused to dismiss it. That's absolutely not supported by the excerpts. On page 228 of the excerpts, on August 10th, there was an email sent to counsel for Ms. Lumetta with a copy of a signed dismissal. And my letter was sent... But here's my problem. ...more than two weeks later. The bankruptcy judge finds that you did willfully violate the discharge order. So... I thought you said technically violated the discharge order. Well, technically and willfully. Well, technically you violated it. So I don't think you get to relitigate here that you didn't since you didn't appeal that. What follows from that? Can the judge say, as the bankruptcy judge here said, yeah, you guys screwed up, but I'm just not going to hold... I'm not going to hold an order to show cause hearing to hold you in contempt because I don't find the  bankruptcy judge to hold you in contempt. My point is I think you're better off pleading for mercy than justifying what you did. I can't find any justification for what you did and the bankruptcy judge didn't either. But the real question for me is what follows from that? Yeah, well, the bankruptcy judge found that it was excusable. And the reason that he found that was that the associate in question, and this was a six-year associate? Fifth year. Fifth year. And she handled all of the bankruptcy matters for the Homeowners Association. That's right. But the question is, should she have basically challenged Judge Taylor in his own courtroom to say, well, hold on, you're wrong. But it wasn't a challenge. The judge said, I want you to send out a notice to the parties that there's going to be a status hearing. And all the parties said, no, I want you to send it to one of the parties because the other one has a discharge. It wasn't the judge didn't say, I don't care that there's a discharge. I want to send it to both. The fact that both were in the notice was because your side didn't say to the judge, don't put Mrs. Lumetta in the notice. She's out of this now. I disagree because... You tried to resist that and the judge overruled you? The pleading after pleading filed in the Superior Court made it clear, the case management statement says, just point blank, we are not pursuing Ms. Lumetta because her claims have been discharged. That was in the record, filed long before this motion was filed. And what the bankruptcy judge found is that  pursue Ms. Lumetta because her claims have been discharged. She basically had an order from a Superior Court judge, I order you to serve this notice. And the discharge injunction. Now she served the notice, she was in essence the mouth of the Superior Court judge. Let me get back to my question, which I'm not sure you answered. What troubles me about the other side's position is I think the bankruptcy judge on these findings could have had an order to show cause and perhaps could have held somebody on your side in contempt. My question is, must the bankruptcy judge do that on these facts? Absolutely not. The contempt power is within the judge's discretion. In other words, it's in the judge's prerogative. But must the court at least have an order to show cause? Once the court has found that there has been a willful violation of the discharge order, does the court not have an order to show cause? What case says that after a finding of a willful violation, no order to show cause should issue? I think the issuance of an order to show cause is within the judge's discretion. What case says that? That after a finding of a willful violation, it's within the discretion of the court whether to issue an order to show cause? What case says that? I don't think we've cited a case on that. I don't think that issue was raised in the briefs, Your Honor. Well, that's an issue of law. And so I'm asking you, because I'm curious as to whether or not the district court could just say, I'm not going to issue an order to show cause, but I found a willful violation. That does not track the statute as far as I can tell. So I'm curious about where there's a case that would allow the bankruptcy court to do that. I think an important consideration is the reason why contempt is only brought through an order to show cause, rather than a motion by a party for contempt sanctions, is that the party doesn't have the right to bring a motion for contempt sanctions, because it's not a personal right owned by the party. And I'm not saying the court had to actually find contempt, but I think the statute contemplates that the court has to explore it once there's been a finding of a violation, and it being willful. And in this case, the court did not issue the order to show cause. The statute doesn't speak to it. The statute is silent on it. But with regard to any, every judge has the power to enforce their orders, including a discharge injunction. And it's within the prerogative of the judge to issue an order to show cause why someone shouldn't be held to contempt, because the contempt power is also within the prerogative of the judge. So there's no right to have an order to show cause, and a judge has no obligation to issue an order to show cause. That is within the prerogative of the judge in enforcing his or her orders. Is what the judge did here a sufficient substitute for, the judge had an evidentiary hearing, listened to presentations from both sides. What differently would have occurred if Eddie said show up and we're going to have an order to show cause? Well, I think what this, what Judge Latham did went far above and beyond what he was required to do. I'm asking something different. If this were an order to show cause hearing, rather than the judges saying they made a motion, I now have to decide whether to issue an order to show cause. Would it have proceeded differently? I think it would have proceeded exactly the same way, and I think that was the judge's intent, that he would in essence treat it as if it's an order to show cause. And then at the end, if he found that contempt should be levied, then he would issue an order to show cause and hold the party in contempt. He could have summarily denied the motion at the first hearing, but he didn't. He continued a hearing on two or three different times. He got additional briefing. He had an evidentiary hearing, and in the end, he concluded that although there was a technical violation, it was excusable, and that the party shouldn't be held in contempt. Ms. LaMetta has raised several times that she was deprived of the ability to conduct discovery, but if you look at the record carefully, she really wasn't. She could have propounded discovery if she had wanted to. She simply chose not to. There was never an order prohibiting her. Counsel, you've exceeded your time. Could you wrap up, please? Oh, yes. I'll just say in conclusion, Your Honor, that Judge Latham was a very conscientious and deliberate  man. He was in contempt for months, and in the end, he concluded that although there was a technical violation, that it was excusable because the associate in question was basically between a rock and a hard place, and that contempt simply wasn't appropriate in this case. All right. Thank you, counsel. Thank you, Your Honor. Rebuttal? Your Honors, I would defer to you to see if there's any particular area or issue you'd like me to cover in light of Appelli's contention. There's several misstatements. We were never given the opportunity for discovery, and in fact, Mr. Doan had actually propounded discovery, which was never responded to. I do have a question. Tell me what language in the statute you think requires that an order to show cause hearing be held under these circumstances. Under Section 524? Yeah. Tell me what language in 524. There's no language in there that provides the court any discretion. It states that a discharge operates as an order to show cause. Is there any language in the statute that says when the discharge order is violated, the judge must proceed in this certain way? The judge must have an order to show cause? So tell me, is there any language in the statute that says that, that I've missed? I would point the court to case law, and in particular the Ninth Circuit case of Berrientos. In Berrientos, the bankruptcy court failed to follow that Ninth Circuit court case when it failed to issue the OSC, when it failed to allow the appellant to conduct discovery, when it failed to set a briefing schedule. The court did not follow Berrientos. I think your answer to my question is the statute doesn't say it, but you think we've interpreted it that way. I do believe that plain language does not give the court any wiggle room to... Now, come on, come on. Just help me here. I'm trying to figure out whether the statute says this, or whether or not we've interpreted the statute to say it. I take it it's the latter. Is that your position? Yes, Your Honor. In Berrientos it says the contempt power bankruptcy judge is based on 11 U.S.C. section 105. That's what Berrientos says. Okay, so does 105 say how you must do this? I'm just trying to find the statutory basis for your argument. Yes, section 105 gave Mrs. Lumetta the right to file the motion for contempt. Right. Does it then say how the judge must proceed with it once it's filed? Well, I think if you take and look at case law, that's... I'm just... Statute, statute. Does the statute say? I don't believe the statute. I don't either. So I'm like Judge Rollins. I'm trying to figure out whether this is because we've said so in some place, or because the statute says so. I think your answer is we've said so. Correct, Your Honor. Okay. Are there any other questions? No, thank you. Thank you very much. Thank you to both counsel. The case just argued is submitted for decision by the court. The next case on calendar for argument is Wilson v. Fidelity Management Trust Company.
judges: Rawlinson, Hurwitz, Melloy